572 So.2d 838 (1990)
Moses Charles EVERETT, Jr.
v.
STATE of Mississippi.
No. 07-KA-59096.
Supreme Court of Mississippi.
August 22, 1990.
Rehearing Denied January 23, 1991.
James B. Grenfell, L. Joe Lee, Jackson, for appellant.
Mike C. Moore, Atty. Gen., Billy L. Gore, Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and ANDERSON and PITTMAN, JJ.
ANDERSON, Justice, for the court:
This is an appeal from the Circuit Court of Hinds County, Mississippi, wherein Moses Charles Everett, Jr. was convicted of sexual battery and sentenced to twenty years in the custody of the Mississippi Department of Corrections. Aggrieved, Everett timely appealed assigning several issues as error in the lower court proceedings. Finding no merit to any of the issues raised by Everett, we affirm the judgment of the lower court. We will discuss, however, whether the court erred in allowing testimony of a therapist's communications with Everett.

I.
Here, as in such cases we are confronted with the usual contradictory testimony between the victim, Everett's step daughter, and the defendant. The victim, thirteen years old at the time of trial, testified that Everett, twenty-nine years old at the the time of trial, began to fondle her when she was nine or ten years old and in the fourth grade. She was afraid of Everett, and therefore, did not tell anyone else of his actions. Eventually she put a note in her mother's purse telling of Everett's sexual behavior.
After the child's mother found the note, but prior to Everett's arrest, he was treated at the Jackson Mental Health Center by a threapist, Ray Hale, who held a Master's degree in Phychology. At Everett's request prior to trial the following letter was written from the therapist on August 2, 1985, and addressed "To the Judge regarding Moses Everitt [sic]":
Your Honor:
Moses Everitt [sic] is involved in outpatient therapy with myself for child sexual abuse. He has been participating at an unusually high level of involvement and has convinced this therapist of his sincere remorse and earnest interest in change (and the therapeutic process required for change).
It is noteworthy that he impresses this therapist as possessing very high potential for change and prognosis would be considered very good.

*839 Mr. Everitt [sic] has attended two sessions and has appointments made for the following week.
If I may be of any further assistance at any point in the evaluation process, please feel free to contact me at the above address.
 Sincerely,
 s/
 Ray Hale, M.S.
 Mental Health Therapist
The letter was not introduced into evidence at the trial; but the lower court overruled Everett's Motion in Limine to preclude anyone from testifying about his conversations with the therapist.
The therapist, Ray Hale, testified that Everett "[p]resented [himself] stating that he had molested his daughter and wanted to work on that, wanted to make good by his family and resolve the problems he had caused by doing that." Everett had three subsequent sessions with Hale before discontinuing them.
Everett testified in his own defense denying sexually assaulting his step-daughter. Everett explained the therapy sessions by stating his wife made the appointment. He only attended them because his wife and children left home and refused to return unless he received help with his temper. Everett's wife corroborated this testimony.

II.
On appeal Everett contends that the lower court erred in overruling his Motion in Limine and allowing Hale to testify at trial. He argues that any communications to Hale were confidential, privileged and inadmissible, and protected under Section 73-31-29, Mississippi Code Annotated (1972).
First, the State contends that Section 43-21-353, Mississippi Code Annotated (Supp. 1989), creates a child abuse exception to the psychologist-patient privilege set forth in Section 73-31-29. The State argues that the reporting obligation of the psychotherapist takes precedence over the privilege. Secondly, the State contends that Everett effectively waived any privilege by consent under the unique and singular facts of this case when he requested Hale to write the above letter to the court.

III.
Section 73-31-29, Mississippi Code Annotated (1972) provides:
A psychologist shall not be examined without the consent of his client as to any communication made by the client to him or his advice given thereon in the course of professional employment; nor shall a psychologist's secretary, stenographer or clerk be examined without the consent of his employer concerning any fact, the knowledge of which he has acquired in such capacity.
Section 43-21-353, Mississippi Code Annotated (Supp. 1989), provides in pertinent part:
(1) Any ..., psychologist, ... or any other person having reasonable cause to suspect that a child brought to him or coming before him for examination, care or treatment, or of whom he has knowledge through observation is a neglected child or an abused child, shall cause an oral report to be made immediately by telephone or otherwise and followed as soon thereafter as possible by report in writing to the Department of Public Welfare, and immediately referral shall be made by the Department of Public Welfare to the intake unit and where appropriate to the youth court prosecutor.
.....
We disagree with the State's position that Section 43-21-353 creates a child abuse exception to the psychologist-patient privilege set forth in Section 73-31-29. Clearly, Section 43-21-353 pertains to situations when a child is presented to a physician for treatment. It does not pertain to a situation as in the case sub judice, where the offender seeks treatment from a physician. If such were the case, persons with such abnormal behaviors as Everett would be forestalled from seeking treatment.

IV.
However, Everett is not yet saved with his argument of "privileged communications". *840 Rule 503, Mississippi Rules Evidence provides:
(a)(4) A communication is "confidential" if not intended to be disclosed to third persons, except persons present to further the interest of the patient in the consultation, examination, or interview, persons reasonably necessary for the transmission of the communication, or persons who are participating in the diagnosis and treatment under the direction of the physician or psychotherapist, including members of the patient's family.
(b) General Rule of Privilege. A patient has a privilege to refuse to disclose and to prevent any other person from disclosing (A) knowledge derived by the physician or psychotherapist by virtue of his professional relationship with the patient, or (B) confidential communications made for the purpose of diagnosis or treatment of his physical mental or emotional condition, including alcohol or drug addiction, among himself, his physician or psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the physician or psychotherapist, including members of the patient's family.
(Emphasis in original.)
Rule 503(a)(3), Mississippi Rules Evidence defines "psychotherapist" as:
(1) [A] person authorized to practice medicine in any state or nation, or reasonably believed by the patient so to be, while engaged in the diagnosis or treatment of a mental or emotional condition, including alcohol or drug addiction, or (2) a person licensed or certified as a psychologist under the laws of any state or nation, while similarly engaged.
In this Court's opinion, the communications between Everett and Hale were not confidential. Everett requested Hale to write a letter to the court informing the trial judge of his therapy sessions, which treated his sexual behavior toward his step daughter. By making such a request, Everett intended the communications to be disclosed to a third person, namely the court. Everett waived any and all rights under the physician and psychotherapist-patient privilege. The lower court did not err, therefore, in allowing the therapist to testify about the communications during Everett's therapy sessions. Thus, we affirm the judgment of the lower court.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN and BLASS, JJ., concur.